1838.

Vincent
v.
Parker.

---

## VINCENT *vs.* PARKER.

Where a receiver was appointed of the rents and profits of real estate, a part of which rents and profits was not in controversy in the suit in which the receiver was appointed, but belonged to a third person, not a party to the suit, in right of his wife, and upon the application of the husband for the payment of that part of the fund to him the wife came in and claimed it, on the ground that her husband had violated the marriage contract and that she had filed a bill against him for a divorce and for a restoration of her property acquired by the marriage; the court refused to decide the question between the husband and the wife upon that application; but the share of the rents and profits belonging to them was directed to be paid into court, by the receiver, to the credit of the suit between the husband and wife, to abide such order or decree as should be made in that suit respecting the same.

Although the court of chancery will not permit the possession of its receiver to be disturbed by a third person who is not a party to the suit, it will, upon the application of such third person, give such directions to the receiver relative to his trust as may be necessary to protect the rights of such third person.

THIS case came before the court upon an appeal from a decision of the vice chancellor of the first circuit. The parties in this suit, or one of them, having an interest in certain premises which was in controversy, an order for a receiver was entered. Rene Halbert and his wife, in the right of the wife, were entitled to an interest for life in a part of the rents of the same premises; and a common agent had been appointed by them and the defendant to receive the rents, and to distribute the same according to their several rights. But upon the appointment of the receiver, the tenants were ordered to attorn to him; and the common agent was restrained from interfering with the collection of the rents. Halbert, in behalf of himself and wife, thereupon, presented a petition to the vice chancellor

January 22.

to modify the order in such a manner as to permit the common agent to collect the rents as before, or to permit the petitioners themselves to proceed in the collection thereof. The application was opposed by an affidavit on the part of the wife, showing that she had filed a bill against her husband for divorce, on the ground of his adultery, and claiming the equitable right to the whole of her share of the rents and profits of the premises, to the exclusion of her husband. The vice chancellor thereupon denied the application, and directed the receiver to proceed and collect the rents until further order. From this decision Rene Halbert appealed.

*C. F. Grim,* for the appellant.

*C. Edwards,* for the respondents.

THE CHANCELLOR. It is sometimes necessary to put a receiver upon property, where the interests of the parties to the suit are so connected with those of third persons that the necessary possession of the officers of the court conflicts with the legal rights of such third persons. But the court never divests a previous possession of such third persons unnecessarily. Even where the receiver is in possession, although the court will not permit him to be interfered with without its consent, such third persons are permitted to come in and be heard in relation to their interests. And the court will then make such order for the protection of the rights of such third persons, either through the agency of the receiver, or otherwise, as may be just and equitable. It would therefore have been a matter of course, in this case, to have directed the share of the rents and profits belonging to Halbert in the right of his wife, to be paid over to him by the receiver, had it not been for the opposition of the wife. But if he has been guilty of adultery, as she alleges in her bill, he has forfeited his right to the rents and profits of her estate, by this violation of the marriage contract. And if she succeeds in obtaining a decree for a divorce, she will be entitled, as a matter of course, to her real estate ; and to the rents and profits thereof from the

1838.

Vincent
v.
Parker.

time of filing the bill, so far as he has not actually reduced the same to his possession. Although the husband has denied on oath the adultery charged, the court cannot, upon this petition, settle their conflicting claims without the expense of a reference. The vice chancellor was therefore right in directing the receiver to collect the rents until further order; and in not allowing the husband to receive the same, without the assent of the wife, until such conflicting claims could be settled. I think, however, the vice chancellor should have directed the share of the rents and profits belonging to the petitioners to be paid into court, to the credit of the suit between Halbert and his wife; subject to such disposition as the court might make thereof, upon the application of either of the parties in that suit. If that is done, the wife, if necessary, can be allowed alimony pendente lite out of that fund; or the fund itself may be paid over to the husband, by an order to be made in that suit, upon his giving security to abide the order or decree of the court in relation to the same. The order appealed from, must therefore be so modified as to direct the receiver to pay that share of the rents and profits into court accordingly—deducting therefrom the same allowance for collection as the common agent would have been entitled to if he had collected the same under the former arrangement. But as the litigation upon this appeal is in fact between the husband and the wife, the parties to this suit having no interest therein, the costs of both parties on this appeal should be first paid out of that part of the rents and profits in the hands of the receiver. Only one bill of costs, however, is to be allowed on the part of both of the respondents.