## SUPREME COURT.

### Pignolet agt. Bushe.

In order to preserve the property from serious loss, the court will appoint a *receiver* during the pendency of an action in *partition*.

*New York General Term, June*, 1864.

*Before* Leonard, *P. J.*, Clerke *and* Barnard, *Justices*.

Appeal by defendant from an order of special term, appointing a receiver in an action in partition.

By the court, Clerke, J. Undoubtedly, receivers will rarely be appointed in actions for the recovery of real property; for a court of equity generally refuses to interfere for or against the legal title; although, in actions to set aside fraudulent conveyances and in other equitable actions receivers will be appointed when the safe disposition and management of the property require it. Even in an action to set aside a purchase on the ground of inadequacy of price, where the defendants were in possession and devisees of the purchaser, the Lord Chancellor appointed a receiver. (*Stillwell* agt. *Watkins*, 1 *Jacobs*, 280.) The power of the court in this respect is only limited by considerations of what is expedient for the interests of the parties concerned. This is an equity, not a common law action, for the partition of real estate. During the pendency of the action, from the affidavit of the plaintiff, the court below had good reason to believe that some portion of the property could not be rented, in consequence of the refusal of the defendant Bushe to unite with the other tenant in common (the plaintiff), and that the rents of other portions which had been rented could not be collected, in consequence of her interference. Under these circumstances it became desirable, in order to preserve the pro-

perty from serious loss, for the court to appoint a receiver during the pendency of the action.

The order should be affirmed, with ten dollars costs.