## N. Y. COMMON PLEAS.

PAULINE HOPFENSACK agt. WILLIAM HOPFENSACK *et al.*

*Special Term, March,* 1880.

VAN HOESEN, *J.* — This is a motion to confirm the report of a referee appointed to inquire, among other things, as to whether the compensation of a receiver should be paid by the defendant who, it has been decided upon a trial of the issues in the action, are the sole and exclusive owners of property which was placed in the hands of the receiver under the supposition that the plaintiff was entitled to some interest in it.

I regret that the last order of reference was ever made, for it has entailed unnecessary expense upon the parties.

Pauline Hopfensack alleged that she was a partner of the defendant William Hopfensack, and that William, unlawfully excluding her from her rights as a partner, had sold, or made a pretended sale of the partnership property to Ernst Hopfensack and Louis W. Hraba. Upon these allegations a receiver was appointed of the property alleged by the plaintiff to belong to the firm. Upon the complaint it was competent for the court to appoint a receiver of all the property claimed

by the plaintiff, even though a part of it might be in the possession of and be claimed by Ernst Hopfensack and Hraba, who never were partners of the plaintiff (*Parker* agt. *Browning,* 8 *Paige,* 390).

Ernst Hopfensack and Hraba were bound, under the order appointing a receiver, which was warranted by the allegations of the complaint, to surrender the property, even though it was their own, to the officer of the court. Their course then was to apply to the court for a hearing *pro interesse suo,* under which the court might order the property to be restored to them, or to apply for permission to sue the receiver, and thus obtain a decision as to their right to the property (*Van Santvood's Equity Practice, F.* 376; 7 *Paige,* 513; 9 *Paige,* 372; 9 *How.,* 24; 7 *Paige,* 65).

Any statement that the right to property in the possession of a receiver can only be determined by an action, when a third person not a party to the action claims it, is erroneous.

The defendants Ernst Hopfensack and Hraba took the first course suggested, and made an application to be heard *pro interesse suo.* Their application was the best, and without the leave of the court, the only one that could be taken. After the examination had been had, I believing that the allegations of Pauline were probably true, and that the partnership had never been dissolved, thought the prudent course to be not to order the surrender of the property to the defendant, but to give them an opportunity for a speedy trial; and thereupon a reference was ordered. Upon the reference it was adjudged that Pauline had dissolved the firm by mutual consent with her partner William, who had assumed the payment of all the firm debts which exceeded the assets, and that she had no right whatever to the property in suit, and that the complaint must be dismissed. Until the judgment entered upon the report of the referee shall be reversed, any inquiry by any special term, or by any referee appointed by a special term, must be powerless to impair the force and effect of that judgment; I therefore refuse to con-

firm so much of the report of Mr. Cowen as undertakes to decide that Ernst Hopfensack and Louis Hraba are not, and were not when this action was began, the exclusive and the rightful owners of the property which was taken by the receiver, and which they applied to the court to restore to them.

When judgment was entered on the report of the referee, it became the duty of the receiver, under the guidance of the court, to restore the property to the defendants Ernst and Louis.

When these defendants applied for the restoration of the property, the court ordered a reference to ascertain what compensation should be allowed to the receiver. The reference was held, and a report made by the referee, which seems to me to have been very fair and proper. When it was presented for confirmation, the court seemed to be under the impression that the receiver could not get his fees from the fund which he held, because it had been decided that it belonged to the defendants, and was not property of the partnership.

An order was thereupon made that the reference should be opened and that the referee to ascertain receiver's compensation should review the decision of the referee who had decided the issues, and if he chose so to do, overturn the judgment which had been entered. That, as I have already said, neither the referee nor the special term can do; and therefore I refuse to confirm the report of Mr. Cowen in the particular I have pointed out.

I think there is no question as to the right of the court to award to the receiver compensation out of the fund which he holds, even though the title to that fund be found to have been from the first, and to be now in the defendants. The receiver's compensation cannot be made to depend upon the result of the litigation. He is the officer of the court who takes property, the right to which is involved in dispute, and by order of the court holds it for the benefit of the party

who shall ultimately be found to be entitled to it. It may sometimes happen, as it probably happened in this case, that by the unfounded claim of a plaintiff the rightful owner of property is deprived temporarily of the possession of it, and that when he gets it back it is encumbered with the charges of the officer to whom the court has given the care of it, *pendente lite*. But great as may be the misfortune to the owner, he must bear the loss unless he can obtain redress from the party on whose application the wrong has been accomplished.

The court is not to blame, nor is the receiver who obeys its order. The property in the hands of the receiver is the fund from which his fees must be paid. Now, as I have before said, the first report of Mr. Cowen, seems to me to have been fair, and it ought to be confirmed, and as it is before me with the second report I shall order its confirmation; the second report I shall refuse to confirm. It is in conflict with the judgment of the court and awards to the receiver a large sum for the services of his attorney and counsel which were not rendered for the benefit of the estate, and were of no value to the estate. The amount awarded seems to me to be out of proportion with the sum allowed, for those services that were really chargeable against the fund.

It appears that the defendants actually took by force from the possession of the receiver some of the property which the court had placed in his hands. This must be restored to the receiver, and it may then be applied for the payment of his fees. Let proceedings be taken to bring Ernst Hopfensack and Louis W. Hraba before the court to answer for their contempt and to compel them to restore the property to the receiver.

The application of the receiver to be discharged may then be renewed.

His accounts are not in dispute.

At the special term of said court, held at the court-house, in and for said county, on the 13th day of February, 1880.

Present — Hon. GEORGE M. VAN HOESEN,
*One of the Justices of said Court.*

The motion coming on to be heard to confirm the report of Sidney J. Cowen, referee herein, filed February 6, 1880, and to compel the defendants, William Hopfensack, Ernst Hopfensack and Louis W. Hraba, to pay the receiver the amount due him as receiver in said action for his commissions, fees, expenses and disbursements as specified in said report.

To attach the said defendants, Ernst Hopfensack, William Hopfensack and Louis W. Hraba, for contempt of said court in forcibly taking and unlawfully continuing in possession of the property heretofore in the possession of said receiver ; and for such other and further relief, or both, as shall be just and equitable.

And the said court after hearing George B. Ely, of counsel for the receiver, and Charles S. Spencer, Esq.; of counsel for defendants, having taken time to consider the same, after consideration. Now, on this        day of March, 1880, it is ordered and adjudged as follows :

*First.* That the report of Sidney J. Cowen, referee herein, filed September 18, 1879, be and the same hereby is in all things confirmed.

*Second.* That Ernst Hopfensack, William Hopfensack and Louis W. Hraba deliver to the receiver herein the property of which they dispossessed the said receiver on the 11th day of September, 1879, and that the fees, allowances and disbursements of said receiver specified in the report of Sidney J. Cowen, filed September 18, 1879, amounting to the sum of $353.23, be paid out of the same.

*Third.* That the said defendants, Ernst Hopfensack, William Hopfensack and Louis W. Hraba, show cause before the said court, at a special term thereof to be held at the court house in said county on March 26, 1880, at ten o'clock in the

forenoon of that day, or as soon thereafter as counsel can be heard, why they, the said Ernst Hopfensack, William Hopfensack and Louis W. Hraba, and each of them, should not be attached for contempt of this court for their acts in taking forcible possession of the property heretofore in possession of the receiver in this action.

And that service of a copy of this order on the said defendants Ernst Hopfensack, William Hopfensack and Louis W. Hraba, on or before March 22, 1880, shall be deemed sufficient service.

*Fourth.* That the report of Sidney J. Cowen, Esq., herein filed on the 6th day of February, 1880, be not confirmed, but the same is hereby overruled and finally rejected.

*Fifth.* That the receiver herein, upon the settlement of his fees, allowances and disbursements as such receiver, have leave to apply to said court to be discharged from his receivership and to have his security exonerated.

*Sixth.* That the defendants Ernst Hopfensack, William Hopfensack and Louis W. Hraba pay to the said receiver ten dollars costs of this motion.

From this order the defendants William Hopfensack, Ernst Hopfensack and Louis W. Hraba appealed.

*Geo. B. Ely,* of counsel, made and argued the following points:

I. The question is not in whom the ultimate right to the property shall be found; but is, did the receiver act in good faith, and did he take into his possession the property which the order appointing him required him to take. A receiver is never a guarantor that the party who procures his appointment will succeed in his action (*Corey* agt. *Long,* 43 *How.,* 492; *O'Mahony* agt. *Belmont,* 5 *Jones & Spencer,* 233).

II. Where a stranger complains that the receiver has taken property not intended by the order, he may apply for leave to sue the receiver, or may on petition be heard *pro interesse*

*suo.* Properly a party to the action can only apply in the latter mode. Hraba and the Hopfensacks were all parties to the action — were served with process and answered. They did apply on petition to have the receiver restore to them the property in question. They were examined and heard upon that application and it was denied. The order refusing to direct the receiver to deliver the property was a judicial determination that the receiver rightfully held it. It is *res adjudicata* and a perfect justification and protection to the receiver.

III. The referee found as a fact that the property taken by the receiver was the property which his order of appointment required him to take. Defendants on their application to the court, under which the order of reference to pass the receiver's accounts was made, acted upon the theory that the receiver was rightfully in possession. The evidence shows that in point of fact the receiver had taken possession of the property his order required him to take. Any pretense that the property taken had not been part of the assets of the firm is unfounded.

IV. To dispossess the receiver is a contempt of court.

V. The order appealed from should be affirmed.

*Christian G. Moritz* and *Charles S. Spencer*, for defendants.

J. F. DALY, *J.* — The complaint alleged that the entire stock of goods, materials, fixtures and assets of the copartnership, were fraudulently made over to these appellants by William Hopfensack. When, therefore, the court appointed a receiver of all the property and assets of the copartnership, and directed him to take possession thereof, the property so alleged to be fraudulently conveyed was intended, and no other. That the property he actually took into his possession, was the property so conveyed by William Hopfensack, is found by the referee in his report of February 18, 1880.

The subject of the receivership was the disputed assets held by these appellants under a claim of title from an alleged fraudulent vendor. It was to preserve this property until it was determined in the action to whom it belonged, that the court by its receiver took it into its own custody. Whichever party prevailed, the property or fund pays for its preservation or protection.

The appellants do not stand in the position of third parties whose property has been wrongfully seized by a receiver. In such case they would be entitled to have it restored without any charges whatever and to be indemnified. Nor do they stand in the position of parties from whom a receiver has taken not only property which is the subject of the receivership but also property which is not in dispute in the action. In such case the property last described would be restored to them as a matter of course.

But appellants were defendants charged with having property belonging to the copartnership of Hopfensack & Co., to which they got no title because of the fraudulent character of the transfer to them. The court took the disputed property into its custody to abide the determination of the action, and as there is no other found from which the receiver's legal fees and expenses are payable, he is entitled to them out of the fund in his hands, *i. e.*, the property in dispute, no matter to which of the parties to the action possession of such property has been adjudged.

Appellants claim that as the judgment determined that they are entitled to the property and were the owners thereof when the action was brought, they should have it free of all the receiver's charges. But no authority in support of the proposition has been cited.

The rule is that receivers are entitled to their costs out of the estate as a matter of course (2 *Barb. Ch. Pr.*, 328). They are entitled to have paid *out of the fund*, although it belongs to incumbrancers, the costs of an adverse application made by a party to the cause against the receiver (*Conrad*

.agt. *Hannerer,* 9 *Beav.,* 3; *Attorney-General* agt. *Lewis,* 8 *Beav.,* 179).

As this point is the only one relied upon in this appeal, .and no question is made of the amount allowed to the receiver nor of the facts as found by the referee and above referred ito, the order must be affirmed.

DALY, C. J., and LARREMORE, J., concurred.

NOTE. — During the pendency of proceedings to punish the defendants William Hopfensack, Ernst Hopfensack and Louis W. Hraba, for con- tempt in taking the property out of the receiver's hands, they paid the amount found due the receiver by the last report of the referee, viz.: $674.73, and the proceedings were discontinued.— [ED.