NICHOLAS G. VERPLANCK by ODLE CLOSE, his Committee, *v.* CORNELIA J. VERPLANCK.

*Receiver of rents pending an action of partition—a judgment creditor of a party to it cannot procure payment of his judgment from such receiver—remedy of the judgment creditor.*

In this action, brought to obtain a partition of certain real estate, a receiver pendente lite was appointed, with direction to collect the rents and divide the net proceeds thereof between the plaintiff and the defendant. Thereafter one Man, having recovered a judgment against the defendant upon which an execution had been issued and returned unsatisfied, applied for an order, directing the receiver to pay the amount due on the judgment to him, from the defendant's share of the rents.

*Held,* that the application was properly denied.

*Semble,* that the remedy of the judgment creditor was to come into the action and press it to a judgment, after which his claim might be paid from the proceeds of a sale of the premises, or if an actual partition was decreed the share set off to the judgment debtor might be sold.

APPEAL from an order made at Special Term, denying the petition of Messrs. Man & Parsons, for an order directing that a debt, due to them by the defendant, might be paid by the receiver appointed to collect the rents of certain real estate which this action was brought to partition.

*J. Hampden Dougherty,* for the petitioners, Albon P. Man and others, appellants.

*Francis C. Barlow,* for the defendant, respondent.

DYKMAN, J.:

This action was commenced several years ago to partition lands owned by the plaintiff and defendant in common. In June, 1875, this court appointed a receiver, *pendente lite,* of the rents, and ordered the receiver to divide monthly the net proceeds coming to

his hands, between the plaintiff and defendant. This limited sphere was all the court could rightly create for its officer. Such an appointment disregards, and is against, the legal title of one party, and is justified only by protection necessarily extended to one of the two rights, to which protection the other's invasion is unavoidably incident. (*Vincent* v. *Parker*, 7 Paige, 65.)

So, where one of two tenants in common refuses to rent, and unnecessary loss will result to the other, a receiver will be appointed. (*Pignolet* v. *Bushe*, 28 How. Pr., 9.)

In February, 1876, Man and others recovered judgment against the defendant, and execution having been returned unsatisfied, moved the court below to direct this receiver to pay their judgment from the defendant's share of rents. They plead to equity that the lien of the *lis pendens* in this action is prior to their judgment, and that they cannot sell under execution because the receiver is in possession.

Their legal remedy is to come into this action and press it to judgment. Actual partition or a sale will be decreed, and they may sell their debtors' several share, or will be paid from the proceeds of the sale decreed.

The docket of a judgment gives no lien on rents, nor does a sale of lands under a judgment and execution.

An actual partition may be decreed. In that case these applicants need not be parties.

It is deemed a perfect answer to repeat that the appointment is an invasion of the legal title of one party on the application of the other. We have not the papers before us to be certain, but the invasion may be of the defendant's title. A justification there doubtless was, but the necessity is the limit beyond which equity will not carry its interference with the legal title.

Order affirmed, with costs and disbursements.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.