(5 Misc. Rep. 419.)

### GOLDBERG et al. v. RICHARDS.

(Superior Court of New York City, Special Term. November, 1893.)

PARTITION—APPOINTMENT OF RECEIVER.

Where it appears in an action for partition that both parties have attempted in hostility to each other to collect the rents from the numer-

ous tenants of the property, that there is a strong feeling of hostility between the parties, and that there is a probability of future injury to the parties, a receiver will be appointed.

Action by Fannie Goldberg and her husband against Rachel Richards for partition. A motion was made for the appointment of a receiver of the property sought to be partitioned. Granted.

E. A. Fellowes, for the motion.
A. H. Berrick, opposed.

GILDERSLEEVE, J. This action is brought by the plaintiff Fannie Goldberg and her husband, against the defendant, Rachel Richards, and her husband, for a partition of two brick dwelling or tenement houses owned jointly by the plaintiff Fannie Goldberg and the defendant, Rachel Richards. This application is made by plaintiff for a receiver of the property pending the action for partition. The papers before me clearly show that at least since the 1st of October, if not before, both parties have attempted to collect, in hostility to each other, the rents of the numerous tenants who occupy said premises, and that considerable confusion, detrimental to the interests of both parties, must necessarily result. There appears to exist a strong feeling of hostility between the two owners. The affidavits before me also indicate a probability of future injury to the interests of both parties, either in the nonpayment of interest on the mortgages or in the neglect to pay the taxes, or in allowing the property to fall out of repair, or in creating so much confusion in the collection of rents as to result possibly in the loss of part of the rent and the removal of some of the tenants, unless the management of the property is put into the hands of some reliable person, who will duly care for the interests of both parties. I am of opinion, therefore, that this is a case in which a receiver should be appointed. In order to preserve the property from serious loss, the court may properly appoint a receiver during the pendency of an action in partition. Pignolet v. Bushe, 28 How. Pr. 9; Verplanck v. Verplanck,; 22 Hun, 104. In actions between joint tenants a receiver will be appointed, as a matter of course, when the joint property is in danger through the acts of one or more of the joint tenants. 2 Wait, Pr. 216. Both parties are desirous of being appointed receiver, but, in view of the strong personal ill feeling between the parties, it would be more suitable to appoint a reliable third party, who is entirely disinterested, and who will perform his duties impartially, and with due regard for the interests and rights of both parties. An order may be entered appointing Mr. William Moser receiver. No costs.