The Vice-Chancellor.
The objection to the receiver’s proceeding, arising from the provision for the complainant’s election in respect of taking an account between Thomas H. Smith & Son, and Herman Bruen, is not valid. The decree has not been brought into the master’s office, within the meaning of that provision. This can only he done by the complain^ ant himself, or by some party interested in the accounts directed to be taken by the decree, to whom on his default the carriage of the decree has been committed.
My impression on hearing the motion, was decidedly adverse to the course of proceeding adopted by the receiver, and the modern practice in the English court of chancery, unquestionably condemns that course.
Mr. Daniell says that the person to enforce the delivery of *423 the possession of real estate to the receiver, which is done by a motion to the court, is the party obtaining the order, and not the receiver himself. So of the proceeding to compel the tenants to attorn. If the receiver be unable to obtain possession he must report the refusal to the solicitor of the party on whose application the order was made, in order that he may take the necessary steps to put the receiver into possession, or to procure the attornment of the tenants. (3 Dan. Ch. Pr. 435,436,441.) The same course is to be pursued, where the parties in possession refuse to deliver up papers or securities. (Ibid. 444.)
In a very late case, Ireland v. Eade, 7 Beavan, 55, Lord Langdale, (M. R.) said “ a receiver ought not to present a petition, or originate any proceeding in a cause; any necessary application should be made by the parties to the suit. This is the general rule, but there is some difficulty in adhering to it, and many exceptions to it have been allowed,” In that case, the receiver after a long delay, and after applying to the parties to move, presented a petition for the payment of his extraordinary expenses and charges, and the master of the rolls granted his petition.
Mr. Smith says, all orders required for the management of the estate, should be obtained on petition, to be presented by the parties, and not by the receiver. (1 Smith’s Ch. Pr. 641.)
At the same time he says, that the receiver, and not the solicitor for the party, takes from the master and files the report nominating him as receiver, and also the report appointing him after his recognizance is approved. (1 ibid. 634, 5.)
And when a receiver desires to sue, in the name of a third person, the demands transferred to him, he, and not the party, applies to the court for an order to that effect. (3 Daniell, 444; and see Pitt v. Snowden, 3 Atk. 750.)
In Evelyn v. Lewis, 3 Hare’s, R. 472, where tenants had been ordered to attorn to a receiver in a suit, appointed by legatees, a lord of a manor seized certain copyhold lands, embraced in the order, and ejected the terre-tenant. The receiver thereupon moved for an injunction against the lord, and it was granted.
These illustrations show the difficulty of adhering to the modern rule in England, and that it is quite as difficult to define it.
It seems that the ancient practice, which was transmitted to *424 us, was different. Thus it is laid down by Mr. Cox in his note c, to Sharp v. Carter, 3 P. Will. 379, that the court will proceed to put a receiver in possession in a summary way, and will order the tenants to attorn to him, and will grant him, a writ of assistance; citing as his authority a decision of Lord Chancellor Parker, made in 1718.
The practice in the Irish court of chancery, sustains the receiver’s course in this case to the fullest extent.
The receiver is to move the court to compel the parties to deliver to him the rentals of an estate committed to his charge, if on application they refuse or omit to deliver them. In regard to personal property, he is to apply to the court to have the same delivered up to him. And on his appointment being completed, he becomes entitled to the carriage of the order, and should procure and act on the master’s report. (Smith on Receivers, 26,39, note e, 164.)
I will now recur to the practice established in this state. But first, I will remark, that most of our notions of a receiver at this day, are derived from the course and practice in judgment creditors suits, where they are principally used, and in which many things have concurred to render them the mere puppets of the complainant in the particular suit. One cause of this has been the difliculty of procuring persons to accept the appointment, and give the security requisite, where the prospect of assets, and of corresponding compensation, was often doubtful, if not desperate. And another cause was the practice of limiting the assets to be han ded over, to the amount of the complainant’s debt and probable costs, where he had the good fortune to discover more than his own debt required.
The receiver in this suit, is to be regarded in a wholly different light, as I will hereafter state more at large.
A receiver with us is, by force of the decree, vested with the whole property which is directed to be put into his hands, and in equity he has the whole title, without an assignment. (Mann v. Pentz, 2 Sand. Ch. R. 257; Albany City Bank v. Schermerhorn, 1 Clarke’s Ch. R. 300.) This entitles him to the possession.
He may sue in his own name, without any leave of the court *425 or of the parties, incurring no risk except as to costs. (Green v Bostwick, 1 Sand. Ch. R. 185.)
In the more important receiverships, growing out of the bankruptcy or dissolution of corporations, the right of the receiver to proceed, suo motu, in obtaining the possession of the books, papers, securities and property, both real and personal, of the estate over which he is appointed, has never been doubted or questioned, so far as I have known or heard. The statutory powers- conferred on such receivers, do not enable them to obtain posession against persons resisting their authority, without the aid and intervention of the court; and the authority of the statute “to take into their hands all the estate,” <fcc.. is not any more cogent or comprehensive than the direction in the decree before me, that the defendant shall execute suitable transfers, and deliver to the receiver the actual possession of the property described in the decree
In Parker v. Browning, 8 Paige, 388, 390, the chancellor recognizes the right of a receiver to call upon the master to direct the delivery of possession of the property. Indeed, he says expressly, that it has been repeatedly decided to be the proper course for the receiver or the party to call upon the master for that purpose.
In The Albany City Bank v. Schermerhorn, before cited, which was a judgment creditor’s suit, and was severely contested in all its phases, Vice-Chancellor Whittlesey entertained a motion made by the receiver, to compel the sheriffs of Monroe and Orleans to deliver up personal property on which they had levied, and which he claimed. The receiver proceeded by an order to show cause, and then by an attachment; and on the sheriffs appeal, he alone appeared and argued against them. The vice-chancellor said, “ the receiver may require an assignment to exercise his rights, but the order gives him the rights.” He also recognizes the propriety of the receiver’s serving the order appointing him, on the tenants, to enable him to bring them into contempt if they do not obey it.
The chancellor, when the case was before him, declared the receiver’s right to file a bill against the sheriffs to protect his rights, in the event of the debtor’s refusing to transfer the legal *426 title to him, or of the tenants refusing to attorn. He also said the receiver could not enforce, by proceedings as for a contempt, the delivery to him by the sheriffs, of property which had not been in his possession. This was necessarily so; the sheriffs not being parties to the suit, their possession was not divested by the receivership.
In Noe v. Gibson, 7 Paige, 513, a receiver in a creditor’s suit, applied for an attachment, and appealed to the chancellor.
In Wardell v. Leavenworth, 3 Edw. Ch. R. 244, the receiver alone appeared and contested the defendant’s motion to stay a sale of the property which the receiver had advertised.
The 192d rule of the court, enables receivers in judgment creditor’s suits, to apply to the court to compel attornments. And Mr. Edwards, in his work on Receivers, which is a respectable authority, says the solicitor for the receiver, may take a summons to examine the party and obtain a delivery of the property intended to be placed in his hands. He should serve the order, or a notice, on the tenants, and if they refuse to attorn, he must apply to the court for an order compelling them ; and on their disobedience, proceed to punish them for the contempt; for which latter positions, he cites Brown’s Praxis Almas, a book published more than a century ago. (Edw. on Rec. 88, 109, 110.)
Our practice manifestly corresponds with the ancient practice in England, and with that of the Irish courts of equity. And, on the reason of the thing, I am satisfied upon reflection, that it ought to be so. The receiver in this case, represents a great variety of interests. Speaking from the decree, as well as a knowledge of the cause, acquired while sitting in another branch of the court, it is impossible now to tell, or to foresee, all the interests which are or may become entitled under its provisions. The complainant is indubitably a principal party interested, and his views and advice are entitled to corresponding weight. But he is not the sole party; nor do all the parties to the suit, repre-, sent all the interests which are vested in this receiver.
The fund which he is to hold under the decree, is one for the benefit of all the creditors of George W. Bruen, of Thomas H. Smith, and of Thomas H. Smith & Son ; as well as for the ben-. *427 efit of M. Bruen himself, and of the heirs, devisees and legatees of Mr. Smith. It is the duty of the receiver to protect the property to the best of his ability, for all these interests. He is responsible for so doing, and has been required to find sureties for his faithful discharge of the trust. If the suit be abated or suspended, or if for any cause the complainant cannot, or will not, proceed; is the receiver to fold his arms, and suffer the rents to be squandered and the personal effects dissipated ? I am satisfied that he will not be exonerated from the loss which may ensue from such supineness, and that he has pursued the proper course in proceeding under the decree, to obtain the actual possession and control of the property and effects, the title of which it vests in him.
An order will be entered directing the master to proceed accordingly. The costs of the parties may be paid by the receiver out of the fund, the question being one which U was reasonable to have brought before the court.