## RIGGS *a.* WHITNEY.

*New York Common Pleas; General Term, April,* 1860.

LANDLORD AND TENANT.—PROCEEDINGS AGAINST RECEIVER.—PETITION.—LEAVE OF COURT.—CONTEMPT.

The rents which come from the under-tenants of a judgment-debtor into the hands of a receiver, are not subject to distribution among the creditors until the claim of the original landlord for rent has been extinguished.

Where property in the possession of a receiver is claimed by a third person, the proper course for the latter is, to apply to the court which appointed the receiver for an order to pay or deliver it over to the party to whom it rightfully belongs.

To attempt, by suit or otherwise, to deprive an officer of the court of property in his possession by virtue of his office,—*e. g.*, in the case of a receiver,—is a wilful contempt, and the subject of punishment by attachment.

Appeal from an order.

Judgment was recovered in favor of James O. Riggs against Daniel W. Whitney, in this action. Subsequently, John J. Tyler was appointed receiver of the judgment-debtor, in supplementary proceedings in this court, in December, 1857. Tyler was afterwards appointed receiver, in certain actions, in the Superior court. One William Topham had rented to Whitney premises in College Place, New York city, for eight years and two months, from March 1st, 1851, at a rent of $900. Whitney underlet, at the rent of $1,300. The lease in question was claimed by one Willis.* The receiver received several quarters' rent

---

* See Tyler *a.* Whitney (12 *Ante*, 465); Tyler *a.* Willis (13 *Ib.*, 369).

under the lease by Topham to Whitney, and had on hand some $250 collected from the under-tenant in advance, but allowed a quarter's rent, under the original lease, to be unpaid. The heirs of Topham applied, by petition, for an order that the receiver pay them the quarter's rent. An order was made that the receiver pay over as asked. The receiver appealed.

*Warren G. Brown,* for the appellant.—I. The petitioners have no lien on the rent. They have only the personal covenant of Whitney to pay, and a remedy against Willis, as assignee of Whitney. If they had not chosen to rely on Whitney's covenant, they should have made the rent payable in advance, or exacted security. (Howell *a.* Ripley, 10 *Paige,* 43.)

II. Judgment should be first got by petitioner, against Whitney. There may be some just defence to the rent.

III. The receiver has only $250 in his hands, and has paid neither costs nor counsel-fees. It would be inequitable to leave him to the contingencies of a long litigation, and nothing to pay expenses with.

IV. The major part of the judgment-creditors have got the orders to appoint the receiver in the Superior Court.

*William C. Russell,* for the respondents.—I. The application is to the court for an order to one of its own officers, who has, under its appointment, received money of the applicant. The court's jurisdiction is unquestionable.

II. The receiver's right to receive rent of the premises existed only under petitioners' ancestors' lease, which reserved the rent they claim.

III. The landlord's claim for rent is preferable to the creditor's, because upon the performance of the lessee's covenant to pay rent depends the receipt of the fund which the creditor looks to for his payment.

By THE COURT.*—HILTON, J.—It appears that the petitioners, who are not parties to this suit, are the owners of certain premises in College Place, leased to the defendant at $900, and by him underlet to other parties at a rent of $1,300 per annum.

---

* Present, DALY, F. J., BRADY and HILTON, JJ.

Riggs *a.* Whitney.

Upon supplementary proceedings against the defendant in this cause, John J. Tyler was appointed receiver of his property, and as such there has come into his hands, from the rent of such premises, $250. The petitioners ask that he be required to pay thereout the quarter's rent due them on May 1st, 1859, amounting to $225. The application is resisted, upon the ground that the petitioners should be left to their remedy by action against the defendant; and, also, that the moneys are needed by the receiver in the prosecution of certain legal proceedings instituted by him for the benefit of creditors, who it is claimed have a right to the fund equal to that of the petitioners.

I think neither of these reasons should be allowed to prevail in a court of equity. The rents which come to the hands of a receiver, from under-tenants of a judgment-debtor, should not be considered as subject to distribution among creditors, until the claim of the original landlord for rent has been extinguished. The superior equity of the landlord, in such a case, is so obvious, that it ought not to be deemed open for discussion; especially where, by the original letting, the right of the receiver to continue in the receipt of rent from the under-tenants, must necessarily depend upon his performance of the lessee's covenant to pay the rent reserved to the landlord.

Nor is the form of the present application open to any objection; but, on the contrary, it has long ago received judicial sanction. (Dixon *a.* Smith, 1 *Swan.*, 457; 1 *Dan. Ch. Pr.*, 644; Noe *a.* Gibson, 7 *Paige*, 513.) Where property in the possession of a receiver is claimed by a third person, the proper course is to apply to the court from whom he derives his appointment, by petition, for an order that he pay or deliver it over to the party to whom it rightfully belongs; and to attempt to deprive an officer of the court of property in his possession, by suit or other adverse proceeding, without first obtaining leave of the court, would be regarded as a wilful contempt, for which the party instituting the proceeding would subject himself to punishment by attachment. (Angell *a.* Smith, 9 *Vesey*, 335; 1 *Barb. Ch.*, 72; Pelham *a.* Harley, 3 *Swan.*, 291, *note.*)

Order of special term affirmed, with $10 costs, to be paid out of the fund in the receiver's hands.