Mr. Justice CLIFFORD, with whom concurred Mr. Justice DAVIS,
dissenting.
I dissent from the opinion and decree of the court in this case, and inasmuch as the case presents an important question of jurisdiction, I deem it proper to state in a few words the grounds of my dissent.
Before this suit was commenced, a suit in respect to the same subject-matter and substantially between the same parties had been instituted in the Chancery Court of Louisville, by parties representing the same interests as those prosecuted in this case by the appellees, and they obtained a final decree in their favor against the respondents therein, representing the same interests as those defended by the present appellants. Whereupon the respondents in that suit appealed to the Court of Appeals of that State, where the decree of the Chancery Court was in all things reversed and the cause remanded for proper corrective proceedings respecting the possession, control, and use of the property *736 in con trovers}, and for final judgment in conformity with the opinion of the appellate court.*
Oh the twenty-first of February, 1868, the present appellants filed in the Chancery Court the mandate of the Court of Appeals, together with a copy of the opinion of the appellate court, and moved that an order issue for the restitution of the property and for judgment in conformity with the opinion of the court. Pending the consideration of that motion the defeated party filed an original bill in equity against the then appellants, praying that they be restrained from all further prosecution of their motion for restitution and from all proceedings, by action, suit, or otherwise, to obtain possession or control of the property in controversy, and the chancellor, instead of executing the mandate of the appellate court, granted the injunction prayed by the losing party in the original case. Feeliug aggrieved by that proceeding the then appellants applied to the Court of Appeals for a rule to compel the chancellor to carry the mandate of the appellate court into effect, and upon that hearing the Court of Appeals decided that the chancellor had exceeded his jurisdiction in granting the injunction prior to the entry of their mandate, and rendering a final decree in conformity therewith, and peremptorily required him to render a judgment of restitution of the property to the appellants, in so far as they had been deprived thereof by his previous orders.†
Those orders of the appellate court were not executed, but the unsuccessful party immediately dismissed their bill of complaint to enjoin the appellants from executing the decree of the Court of Appeals, and on the twenty-first of the same month filed in the Circuit Court of the United States the bill of complaint in this case, before the second mandate of the appellate court commanding the chancellor to execute the first maudate was filed in the subordinate court.
Beyond all question jurisdiction was assumed by the Circuit Court in this case by virtue of the fact that the parties are citizens of different States, in which ease the Judiciary Act piovides that the Circuit Courts shall have original cog *737 nizance concurrent with the several States. Indeed, jurisdiction in the case is claimed solely upon the ground (hat the Circuit Court of the United States possesses concurrent and co-ordinate jurisdiction with the State court in such a controversy.
Ia view of these considerations, as more fully set forth in the record and in the opinions given in this case by the Court of Appeals, I am of the opinion that the Circuit Court had no jurisdiction to hear and determine the matter in controversy, as there were two courts of common law exorcising the same jurisdiction between the same parties in respect to the same subject-matter, within the same territorial limits, and governed by the same laws.
Neither court had any peculiar jurisdiction over the property in question nor of any peculiar right or lien upon it claimed by either party. Originally the State court had the same power with the Circuit Court to hear and decide any and every question that might arise as to the rights of property of either party in the course of the litigation. State courts and Circuit Courts in such cases are courts of concurrent and co-ordinate jurisdiction, in respect to which the principle is that “ whenever property has been seized by an officer of the court, or put in his custody by the process of the court, the property will be considered as in the custody of the court and under its control for the time being, and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises.”* Decided eases asserting that principle and enforcing it are very numerous in the reported decisions of this court, and also in the reported decisions of other courts of the highest respectability.†
*738 Remarks to show that the suit in the State court was pend-, ing and undisposed of when the bill was filed in the Circuit Court are unnecessary, as the fact is admitted, and in view of that fact I am of the opinion that the Circuit Court had no jurisdiction of the case.
Being of the opinion that the case ought to be reversed and dismissed for the want of jurisdiction, I do not think it necessary or proper to express any opinion upon the merits of the ease.

 Watson et al. v. Avery et al., 2 Bush, 332.

 3 Id. 635.

 Buck v. Colbath, 3 Wallace, 341.

 Hagan v. Lucas, 10 Peters, 400; Taylor v. Carryl, 20 Howard, 594; Freeman v. Howe, 24 Id. 450; Payne v. Drewe, 4 East, 523; Peek v. Jenness, 7 Howard, 612; Evelyn v. Lewis, 3 Hare, 472; Noe v. Gibson, 7 Paige, 513; Russell v. East Anglian Railway Co., 3 McNaughton & Gordon, 104.