## G. W. G. PAYNE *vs.* N. BAXTER, JR., Receiver.

### At Chambers, January, 1876.

RECEIVER—CANNOT BE PROCEEDED AGAINST BY ORIGINAL BILL.—An original bill against a receiver, by a party to the suit in which the receiver was appointed, is unnecessary, unwarranted, and a contempt of court.

SAME—EFFECT OF APPOINTMENT ON RIGHTS OF PARTY IN POSSESSION.—The effect of the appointment of a receiver is to remove the party in possession of the property who is a party to the suit, no right remaining in him by virtue of such possession, and any application he may make for the purpose of interfering with the discretion of the receiver must show abuse of his authority to the prejudice of the applicant.

*T. L. Dodd,* for complainant.

*E. H. East* and *D. Campbell,* for defendant.

THE CHANCELLOR :—In the case of *Charles A. Merrill* v. *R. H. Elam* and others, long pending in this court, it was settled by the supreme court, upon appeal, that Merrill, as a creditor of Elam, had acquired a lien upon the indebtedness of G. W. G. Payne to Elam, for the purchase money of the land in the pleadings mentioned, and was entitled to subject the same to the satisfaction of the specific amount found to be due, by sale of the land under the decrees of this court, and the cause was remanded for further proceedings accordingly. The land was thereupon sold, and bought by Merrill, and the sale confirmed at the last term of this court. From this decree of confirmation an appeal was prayed by Payne, and granted as a matter of right, time being given him to execute the necessary bond for costs. Before the bond was executed, Merrill filed his petition, and, upon the ground of Payne's insolvency, asked that a receiver be appointed to take possession of the property, and rent it out pending the litigation. Upon consideration, I came to the conclusion, and so held in a written opinion, that it was a proper case for the appointment of a receiver, and, thereupon, set aside the prayer for an appeal, and appointed a receiver to take possession of the property at

once, and rent it out for the present year. *Merrill* v. *Elam,* 2 Tenn. Ch. 513. After the entry of the order of appointment, Payne was permitted to renew his prayer for an appeal, which was done, and the appeal granted, upon his giving bond with security for costs, or taking the oath prescribed for poor persons. He took the necessary oath, and the case is now, and was before the filing of the present bill, in the supreme court.

On the 25th of the present month, January, 1876, the said G. W. G. Payne filed his bill in this court against N. Baxter, jr., the receiver appointed as aforesaid, and obtained from the judge of the law court at Nashville a fiat for an injunction enjoining the sheriff of Davidson county from executing the writ of assistance to put the receiver, or the person to whom he may have rented the land, in possession. The fiat was obtained on the 10th of January, but the bill was not filed until the 25th of the month.

A receiver, when appointed, is virtually an officer of the court, and subject to its orders, and his possession is the possession of the court. *Skip* v. *Harwood,* 3 Atk. 564 ; *Angel* v. *Smith,* 9 Ves. 335 ; *Sharp* v. *Carter,* 3 P. W. 379. And this possession cannot be disturbed by a prior claimant without leave of the court. *Brooks* v. *Greathed,* 1 J. & W. 178. The proper mode to obtain such leave is by motion or petition in the cause. *Noe* v. *Gibson,* 7 Paige, 515. An original bill by a party to the suit in which the receiver is appointed is unnecessary, and wholly unwarranted. The receiver cannot be required to answer an independent suit, either at law or in equity, unless instituted by leave of the court. *Russell* v. *East Anglian R. R. Co.,* 3 Mac. & G. 115, 123. No such leave could, of course, be obtained by a party to the suit, for the obvious reason that his remedy is by motion or petition in that suit. If the new suit by the party were in another court, it would be a clear case of contempt. *Noe* v. *Gibson,* 7 Paige, 515. And it is not easy to see why it should not be equally considered a con-

tempt when instituted in the same court. In both cases it is an attempt to interfere with the execution of the order of the court, without leave.

As a new and independent bill, therefore, the proceeding is clearly without warrant, and the injunction improvidently granted. The circumstances of this case are, however, somewhat peculiar, and afford an excuse for the form of the application. There was a general prayer for an appeal after the appointment of the receiver, and this prayer was granted. The effect of the appeal upon the order of appointment was not before me, and was left undetermined. The learned counsel of Payne might well suppose that the appeal carried up the whole case, so that there was no case left in this court in which to make a motion or file a petition, and that an original bill was the only remedy, if he had any at all in this court. My own first impression was that the appeal would carry up the whole case, including the receivership, without, however, affecting the powers of the receiver unless the supreme court should so specially order, and that any application touching the receivership would be only cognizable in that court. Such a result would be attended with many inconveniences. It would throw upon an already overburdened court a mass of additional work, more in the nature of original than appellate business, and foreign to its primary duties—the correction of errors. The supervision of receivers falls much more appropriately upon the inferior courts, and the discharge of their functions will be attended with much less expense in the courts in which they are appointed, than if compelled to account at so distant a point as Nashville often would be. The supreme court has, accordingly, in the original cause of *Merrill* v. *Elam and others*, upon a motion of Payne for a *supersedeas* of the order appointing the receiver, held that no sufficient ground can be found in the transcript of the record to supersede the order, and ordered that the temporary *supersedeas* granted by one of the judges of the court be discharged, and that an order, in the nature of a *procedendo,*

issue to this court, directing "that the execution of the decree. as to the issuance of a writ of possession be proceeded with." The present bill was filed after this order of the supreme court was made, although the bill had been prepared and the fiat obtained two weeks before.

The action of the supreme court goes upon the ground, if I understand it, that the order of the chancery court, appointing a receiver and directing him to take possession and rent the land in controversy, remains in full force. notwithstanding the appeal, and is to be executed by the chancery court. If so, it would seem to me to follow logically that the receiver is the officer of the chancery court, and subject to its supervision. In that view the control of the property and the proceeds of the rental remain with the chancery court, while the litigation as to the eventual right to the property and its proceeds is in the supreme court. It is possible, however, that the supreme court only intended that the writ of possession should be executed as if no appeal were taken, after which the receiver becomes the officer of the supreme court. In that event the mandate of the supreme court is a final adjudication of the rights of the parties touching the receivership, and the chancery court has nothing to do but to execute it.

Taking it to be settled, as I must, that the order for the appointment of a receiver was proper, and should be executed, the property is now in the custody of the court. For the effect of the appointment of a receiver is to remove the parties to the suit from the possession of the property, upon the maxim of the court that what ought to be done will be considered as done. Thus, the appointment of a receiver discharges at once a sequestration (*Shaw* v. *Wright*, 3 Ves. 22), and puts an end to the power of a trustee appointed to collect rents. *McDonnell* v. *White*, 11 H. L. 570. The only question which can be raised by any party to the suit must relate to the mode in which the receiver is executing his trust, and any application for the purpose of interfering with the discretion vested in him

must show an abuse of his authority to the prejudice of the applicant. If the bill which has been filed can be looked at by me for any purpose, it can only be as a petition to control the receiver in the exercise of his duty. As such I am inclined to treat it under the circumstances of this case.

So far as the bill, treated as a petition, undertakes to rely upon the complainant's previous ownership of the land, and heavy loss sustained by the difference between the original purchase price and the price brought at the last sale, it is obvious that, however much the facts might appeal to the sympathies of the court, they can have no influence upon the complainant's legal rights. The previous proceedings have settled that, *prima facie*, the land is now the property of the purchaser at the chancery sale, and, no preference in the renting having been conceded to any one, the duty of the receiver is to rent the property promptly to the best advantage. The application concedes on its face that the receiver did, however, give the complainant the preference in the renting, and it was his fault or his misfortune that he could not comply with the terms agreed upon. He has not complied, and does not now tender a compliance, with these terms.

The bill undertakes to detail a conversation between complainant and one of the counsel of Merrill, after the appointment of the receiver and the appeal, in which complainant understood the counsel as saying that the appeal stopped everything, and the receiver could not act. But the counsel of Merrill had no more right to interfere with the action of the receiver than the complainant's own counsel, and there is no greater reason for interfering with the discretion of the receiver, upon the expression of opinion by one of these counsel, than a similar expression by the other. The only person to consult in the premises was the receiver himself.

The bill shows us that the complainant, accordingly, did not act upon the suggestion of counsel, but went to the receiver and offered $925 rent, which seems to have been

satisfactory to the receiver, and received from him a note "expressing the contract," "which complainant was to have signed by security satisfactory to the receiver." Instead of procuring security at home, he sent the note to a friend in Pittsburg, Penn., to be signed by that friend, upon the promise of a gentleman in Nashville, upon the receipt of the note thus signed, to advance the money for the rent. "That note," says the bill, "failed to be returned promptly," and, without any further notice to him, "the receiver rented the farm for $925 to Jas. Cummings." The bill does not state that the note was returned with the security expected, or that the complainant has now either the necessary security or money to secure the rent. The prayer of the bill is that the receiver be required to accept complainant's note "if proper security be given as agreed upon between him and the receiver;" or that the bidding for the rent be opened, giving the complainant the preference, and fixing the maximum of rent.

It is obvious that the bill does not disclose the least impropriety of conduct on the part of the receiver, or the slightest leaning against the complainant in the discharge of his duties. It shows, on the contrary, that he accepted at once the offer of the complainant, "if proper security" was given, and furnished him a note, "expressing the contract," so that he might obtain the security; and, although cautiously worded, it fairly implies that the security was not given within the time agreed upon, and openly concedes that no such security has yet been given. Clearly these facts make out no ground for interfering with the discretion of the receiver.

But the bill discloses the additional fact that the receiver has actually rented the land to another person, and does not offer to advance the bid in the only mode known to the practice of this court—the actual execution of a note with good security—in which biddings are ever opened. On the face of the bill, therefore, a sufficient ground is not disclosed for interfering with a contract already made.

There is still another difficulty in the way. The decree of the last term gave to the clerk the absolute authority to rent the land, upon note with good security, without any confirmation by the court. Biddings upon the sale of property by the master are opened by the court because there is no binding contract until the report of the sale is confirmed. *Atkison* v. *Murfree,* 1 Tenn. Ch. 51. But no such rule exists as to the renting of realty by a receiver. He is clothed with the power to make a binding and final contract, if fairly entered into. Such a contract is not subject to the control of the court unless it can be directly attacked for some cause which affects its validity—such as collusion between the receiver and the renter, or undue advantage taken of the receiver. I have no power, upon a mere advance bid, to set aside such a contract.

The bill, taken as a petition, does not, therefore, disclose any sufficient ground for interfering with the conduct of the receiver, or the contract made by him. The injunction issued must, consequently, be dissolved as improvidently granted.