## Case No. 1,653.

### In re BOOTHROYD et al.

[15 N. B. R. 368;[1] 2 Cin. Law Bul. 139.]

District Court, E. D. Michigan. April Term, 1877.

BANKRUPTCY—EXEMPTIONS—RIGHT OF WIFE— SUMMARY RELIEF.

1. A wife acquires no separate rights in a homestead which her husband has purchased in his own name in fraud of his creditors.

2. A person taking a mortgage upon a lot claimed as a homestead, after a decree declaring the same not to be exempt as such, may be ordered summarily to release his security. No plenary suit at law or in equity is necessary.

[Cited in Re McKenna, 9 Fed. 29.]

[1] [Reprinted from 15 N. B. R. 368, by permission.]

In bankruptcy. On·petition of assignee [of William H. Boothroyd and Frederick G. Gibbs] for an order directing Gibbs to vacate a certain lot heretofore claimed by him as a homestead, and certain mortgagees to discharge a mortgage given by him. [Granted.]

The petition sets forth that in 1875 Gibbs appropriated certain money belonging to the firm of Boothroyd & Gibbs for the purchase of a homestead, in fraud of the rights of the partnership creditors, and claimed the same as exempt under the· laws of this state. His claim was disallowed by this court [Case No. 1,652] and upon appeal to the circuit court the decree was affirmed [unreported]. That after ·the decision disallowing his claim to the homestead, his attorneys, Messrs. Atkinson, · procured from Gibbs a mortgage upon the same for the sum of two hundred and fifty dollars for their services in contesting his claim. That ·petitioner has demanded the surrender of the premises by Gibbs, and the release of this mortgage, which has been refused, and he therefore asks the interposition of the court. Respondent Gibbs claims, in substance, that he is a married man, has a wife and family, who, with himself, occupy the premises; that his wife refuses to execute any conveyance or deed to the assignee, or to join with him in any conveyance or assignment. Messrs. Atkinson admit receiving the mortgage as stated; allege ·that Gibbs is a married man and resides on the land with his family; that his wife, who claims the lot as a homestead, united with him in executing the mortgage; they insist that the rights of the wife have never been determined and never can be litigated by summary proceedings; that until her rights are destroyed the lot must be regarded as a homestead; that such rights can only be determined by a regular suit at law or in equity; that the claim of the mortgagees cannot be set aside except by suit, and they deny the jurisdiction of the court to determine the matter in this way.

Mr. Holbrook, for assignees.
Atkinson & Atkinson, for respondents.

BROWN, District Judge. By Comp. Laws [1871, vol. 2, p. 1749], § 6137, "a homestead . . . owned and occupied by any resident of this state shall not be subject to a forced sale on execution." Respondents rely upon ·the decision of the supreme court of this state in McKee v. Wilcox, 11 Mich. 368, as sustaining their position that Gibbs and his family cannot be ousted from the possession of the lot in question, until the rights of his wife thereto have been passed upon by a plenary suit. The only question in that case was, whether a homestead could be claimed in land of which the party was in possession under a contract to purchase. It was held that such lands were subject to homestead rights, and that where a married man, in possession under a contract to purchase, surrendered his contract without the assent of his wife, the surrender was invalid, and his wife might file a bill in equity in her own name and have a specific performance. The existence of the homestead having been established, the inability of the husband to surrender it without the assent of his wife followed as a matter of course. The case obviously has no bearing upon the question under consideration. A moment's reflection will show that the wife of the bankrupt has no interest in the lot in question, although occupied by her. She never owned it, and had no interest in it, except in subordination to her husband's title; this title having been adjudged invalid her claim vested, with that of her husband, in the assignee. Herschfeldt v. George, 6 Mich. 456. Though the act provides that the homestead shall not be alienated without the consent of the wife, there must be an actual, legal homestead to make the act operative.

The title of the mortgagees is no better than that of their mortgagors; they are privies in estate with him, and taking the mortgages as they did, after the decree in this court adjudging Gibbs' claim invalid, they are bound by the decree and no suit is necessary to set aside their security. Had they, instead of taking a mortgage, received an absolute deed of the premises and gone into possession, they might have been ousted by the marshal under the order of this court, requiring possession to be surrendered to the assignee. See Crock. Sher. § 558; Freem. Judgm. § 171; Jackson v. Hawley, 11 Wend. 182; Noe v. Gibson, 7 Paige, 513; Jackson v. Tuttle, 9 Cow. 233. An order will be issued requiring Gibbs to vacate the lot in question, and the mortgagees to discharge their security.