In the Matter of the Application of the Directors of the CHRISTIAN JENSEN COMPANY (Limited) for a Voluntary Dissolution.

Upon an application for the voluntary dissolution of a corporation, under the provisions of the Code of Civil Procedure (§§ 2419 *et seq.*) the court acquires jurisdiction upon a petition properly presented; by its appointment of a receiver the property of the corporation comes into its possession, and it has power to preserve and protect it; for this purpose it may prohibit any interference therewith in any action thereafter instituted.

Even if the order granted upon the petition is in some respects irregular, imperfect and informal, it is not, because of this, a nullity.

While a receiver so appointed may not interfere with the property until he has filed his bond, when this is done his title relates back to the date of his appointment.

Even as to property of which the corporation had wrongfully obtained possession before the appointment of a receiver, after it has passed into his possession the owner may not, without first obtaining leave of the court, replevy it in an action against the receiver.

An application under said provision, prayed for a dissolution of the corporation; the order granted thereon was entitled " In the Matter of the Application of the Directors " of the corporation for a voluntary dissolution. The order recited that the corporation was insolvent, and required all persons interested to show cause why the prayer of the petitioner should not be granted. *Held,* that this was substantially a requirement to show cause " why the corporation should not be dissolved," and so was sufficient in this particular.

The order did not direct its publication and did not specify the newspapers in which it was to be published, as required. (Code Civ. Pro. § 2424.) *Held,* that while this was a defect, it was not one which rendered the appointment of the receiver a nullity; also, that the court having jurisdiction of the proceedings had authority to make an order *nunc pro tunc,* correcting the defect.

(Argued October 19, 1891; decided October 27, 1891.)

APPEAL from parts of an order of the General Term of the Superior Court of the city of New York, made July 2, 1891, which affirmed parts of an order of Special Term set forth in the opinion.

The nature of the proceedings and the facts, so far as material, and the portions of the Special Term order in question are stated in the opinion.

*John Fennel* for appellants. The proceeding is a statutory one, and unless the statute is fully complied with, there is no jurisdiction. (29 Hun, 449; Code Civ. Pro. § 2433; *Sharp* v. *Spier*, 4 Hill, 76; *In re Hall*, 72 N. Y. 184; *Bloom* v. *Hendrick*, 1 Hill, 130; *In re Dubois*, 15 How. Pr. 7; *In re Valentine*, 72 N. Y. 184; *Stilwell* v. *Swartout*, 81 id. 109; *Brown* v. *Mayor, etc.*, 3 Hun, 686; *People ex rel.* v. *Bd. of Police*, 6 Abb. Pr. 164; *Sibley* v. *Waffle*, 16 N. Y. 185; *Bango* v. *McIntosh*, 23 Barb. 599.) Where there is a failure to comply with the statute, it is as fatal to a proceeding in a Superior Court as to a proceeding in an inferior court. (*Bloom* v. *Burdick*, 1 Hill, 139; *Chamberlain* v. *R., S. P. V. Co.*, 7 Hun, 557; *Bangs* v. *McIntosh*, 23 Barb. 598, 601.) There was no jurisdiction to amend the order. (*Cornin* v. *Merritt*, 3 Barb. 346; *In re Valentine*, 72 N. Y. 84; *Battel* v. *Torrey*, 65 id. 295; *People* v. *Hulbert*, 46 id. 110; *Stillwell* v. *Swarthout*, 81 id. 109.) The order of March 10, 1891, was also void because it did not provide for the service upon the stockholders and creditors. (Code Civ. Pro. § 2425.) The title of the receiver was not vested until he filed his official bond. (Code Civ. Pro. §§ 715, 1788, 2423; *Kincaid* v. *Dwinnele*, 59 N. Y. 548; *In re Stonebridge*, 57 Hun, 441.) The court had no power to order that the goods taken on replevin be delivered to the receiver. (*G. S. Bank* v. *Habel*, 80 N. Y. 273; Code Civ. Pro. § 2433.)

*John C. Coleman* for respondent.

EARL, J. On the 10th day of March, 1891, the directors of the Christian Jensen Company (Limited) presented a petition to the Superior Court of the city of New York, praying for a voluntary dissolution of the corporation. As the petition is not contained in the record, we must assume that it was proper in form and substance. In fact, no objection is made that it did not comply with the provisions of the Code relating to the voluntary dissolution of corporations. (§§ 2419 *et seq.*) Upon the presentation of the petition, the court made an order appointing Isidor Grayhead temporary receiver of all

the property and assets of the corporation, as authorized by section 2423 of the Code, which also provided that all "person or persons whomsoever, whether creditors of the said Jensen Company (Limited), or otherwise, are hereby enjoined and restrained from bringing or continuing any action against the said corporation for the recovery of any moneys due said creditors and until the further order of this court in the premises." The next day the receiver filed his bond and became qualified to act; and he took actual possession of the property of the corporation on the twelfth day of March. The order of March tenth was served on the appellants, who composed the firm of Charles F. Wahlig's Sons, on March twelfth, but no copy of the petition was served with the order. On the twelfth of March, the attorney for the petitioners, without notice to the appellants, made a motion that the order of March tenth be amended *nunc pro tunc*, in certain particulars, and that motion was granted. On the eleventh of March, the appellants commenced an action in one of the District Courts in the city of New York against the corporation and in that action a writ of replevin was issued to one of the city marshals who on the same day replevied from the corporation certain property in its possession; and on the same day they commenced an action in the Court of Common Pleas to recover a money judgment; and in that action a warrant of attachment was issued to the sheriff of the city and county of New York, and on the same day he attached certain property of the corporation. Thereafter, the receiver made a motion at a Special Term of the Superior Court to restrain the prosecution of the suits thus commenced by the appellants, and after hearing counsel for the parties, the court made an order granting the motion and permanently restraining the appellants from taking any further proceedings in the actions brought by them. From that order, they appealed to the General Term, and then to this court.

They now contend that the first order made by the Superior Court, on the tenth of March, did not require, as provided in section 2423 of the Code, all persons interested in the corpora-

tion to show cause " why the corporation should not be dissolved," and hence that the order was a nullity. It was the presentation of the petition that gave the court jurisdiction, and even if its order was in some respects irregular, imperfect and informal, it was not a nullity. It was effectual to appoint a receiver, and the moment he was appointed he became an officer of the court, and from that time the property of the corporation was in *custodia legis*, and the court had the power to preserve and protect it. While the receiver could not interfere with the property of the corporation until he filed his bond, yet after he filed his bond, his title related back to the date of his appointment; and so it has frequently been held. (*Rutter* v. *Tallis*, 5 Sandford's Superior Court Reports, 610; *Storm* v. *Waddell*, 2 Sandford's Chy. Reports, 544; *Wilson* v. *Allen*, 6 Barb. 542; *In the Matter of Berry*, 26 id. 55; *Deming* v. *New York Marble Company*, 12 Abb. Pr. Reports, 66.)

It, therefore, follows that when this property was attached and replevied on the eleventh day of March, the title was in the receiver, and the property was in the custody of the law, and the court had power to prevent any interference with it in any action and its dissipation and removal by writ of replevin or attachment.

The court had express authority, under section 2423 of the Code, to restrain proceedings in the action in which the attachment was issued. As to the replevin action, if the corporation had been a naked wrong-doer in obtaining or retaining the possession of the appellants' property, and they had been the absolute owners of the property, they could have replevied it from the wrong-doer before it came into the actual possession of the receiver, and thus into the custody of the court. Even then, after the property had passed with the other property into the actual possession of the receiver, it could not, without leave of the court first obtained, have been replevied from him in an action against him. The only remedy then of the appellants would have been by an action commenced with the leave of the court, or by petition to the court. (*Noe* v. *Gibson*, 7 Paige, 513; *Riggs* v. *Whitney*, 15 Abb. Pr. 388; *Chautauqua County Bank* v. *Risley*, 19 N. Y. 369; *Barton* v. *Barbour*,

104 U. S. 126; *Evelyn* v. *Lewis*, 3 Hare, 472; *Ex parte Cochrane*, Law Reports [20 Eq. Cas.] 282; High on Receivers, § 143.) But here there was no proof showing what the relations of the corporation and the appellants to the property replevied were. The appellants may have been mortgagees or pledgees, or the corporation may have purchased or obtained the property by fraud, which the appellants could disaffirm. In either of these cases the corporation had an interest in the property and in its final disposition, and it should remain in the custody of the court, to be disposed of in this proceeding under the rules and practice applicable to such cases.

As to the alleged defects in the order of March tenth, it did, in substance, require all persons interested to show cause " why the corporation should not be dissolved." The title of the order, " In the Matter of the Application of the Directors of the Christian Jensen Company (Limited) for a Voluntary Dissolution," showed that the proceeding was for a voluntary dissolution of the corporation, and the order recited that the corporation was insolvent, and it required all persons to show cause why the prayer of the petition should not be granted. Under the provisions of the Code, the only prayer to be contained in the petition is for a dissolution of the corporation, and we think the order in substance required the persons interested to show cause why such a prayer should not be granted.

It is also objected that the order is defective for not complying with the provisions of section 2424 of the Code, because it did not require the order to be published, and did not specify the newspapers in which it was to be published. It is quite true that that is a defect which the parties could have taken advantage of by motion, or in some other way, but it was not a defect which rendered the appointment of the receiver a nullity. Furthermore, the court having jurisdiction of the proceeding, could make an order as it did, *nunc pro tunc*, correcting the formal defects in its order. Such an order was in furtherance of justice, did not interfere with any rights which had accrued, did no harm to any one, and the court was perfectly competent to make it. It is quite true

that if the order made on the tenth had been an absolute nullity the court would have been without power to interfere with the seizure of the property under the attachment and writ of replevin by thereafter making an order *nunc pro tunc* which then for the first time became effectual.

Our conclusion, therefore, is that by the order made on the tenth of March, upon a petition properly presented, the court acquired jurisdiction of the proceeding; that its appointment of the receiver was valid; that the property thus came into its possession, and that it had a right to prohibit an interference therewith in any action thereafter instituted.

The order should be affirmed, with costs.

All concur.

Order affirmed.