(37 Misc. Rep. 308.)

## FOX v. UNION TURNPIKE CO.

(Supreme Court, Special Term, Columbia County.    February, 1902.)

1. EXECUTION—PROPERTY IN HANDS OF RECEIVER.

   The court allowed a judgment creditor of a corporation to collect her
   judgment in spite of the appointment of a temporary receiver in disso-
   lution proceedings.   She brought an action for sequestration, and ob-
   tained a judgment for the appointment of a permanent receiver.   Held,
   that the latter was entitled to the possession of the corporate property,
   and the creditor would be restrained from selling the property on a sub-
   sequent execution issued without leave of the court.

2. SAME—VACATION.

   Where a judgment creditor has obtained an execution against a cor-
   poration which is in process of voluntary dissolution, the execution will
   not be vacated, as the creditor is entitled to any benefits derived from
   it up to the time of the appointment of a permanent receiver.

3. SAME—INTEREST OF DEBTOR.   .

   A corporation in voluntary dissolution has sufficient interest in the
   disposition of its property to entitle it to move to vacate an execution
   and restrain a sale under it, though its receiver is not a party to the
   motion, and the corporate property is in his hands.

Action by Harriet L. Fox against the Union Turnpike Company.
Judgment for plaintiff.   Motion by defendant to vacate execution and
stay proceedings.   Order staying proceedings granted.

See 69 N. Y. Supp. 551.

John H. Gleason, for the motion.

S. T. Hull, opposed.

COCHRANE, J.   On December 20, 1899, the plaintiff recovered
a judgment against the defendant for $1,400 damages, besides costs.
In February, 1900, proceedings were instituted by the defendant cor-
poration for a voluntary dissolution of said corporation, and on the
27th day of February, 1900, one Jasper M. Whitbeck was appointed
temporary receiver of the property of said defendant corporation.
This proceeding to procure the voluntary dissolution of the defendant
is still pending undetermined.   On June 1, 1901, an order was made
by this court permitting the plaintiff to proceed with the collection of
the above-mentioned judgment, and to take all legal proceedings which
might be necessary to enforce and collect her said judgment, the same
as if the said temporary receiver had not been appointed.   The plain-
tiff thereupon instituted an action in this court to sequestrate the
property of the defendant corporation, and demanding judgment,
among other things, for the appointment of a permanent receiver of
the property and effects of the defendant.   Issue having been joined
in the last-mentioned action, the cause was brought to trial in Septem-
ber, 1901, and resulted in a judgment in favor of the plaintiff, and the
appointment of the said Jasper M. Whitbeck as permanent receiver of
the property and effects of said defendant.   The plaintiff, although
seeking the appointment of a receiver, objected to the person appoint-
ed by the court.   The decision and order of the court appointing said
permanent receiver were made on the 27th day of September, 1901,
but were not entered until December 23, 1901, when they were entered
by the defendant (the plaintiff having neglected to do so), together with

the judgment in said sequestration action. In the meantime, and on the 12th day of November, 1901, the plaintiff issued an execution on her first judgment against the defendant, and by virtue thereof the sheriff proceeded to advertise the real estate of the defendant for sale on the 26th day of December, 1901. Such sale having been temporarily stayed, the defendant makes this motion to vacate and set aside said execution, and to restrain the sale of the defendant's property thereunder.

The plaintiff's lien was acquired prior to the appointment of any receiver. The receiver took title subject to plaintiff's judgment and execution. The numerous authorities cited by the plaintiff's attorney firmly establish this proposition. The question, however, does not arise as to the sufficiency or priority of the plaintiff's lien, but the question presented is whether the receiver appointed by the court in the discharge of his duties and in possession of property may have his possession interfered with by a judgment creditor having a prior lien. Under the order of June 1, 1901, above referred to, plaintiff clearly had the right to pursue her remedy by execution notwithstanding the prior appointment of the temporary receiver, because that order expressly permitted her to do so. She elected to pursue another remedy, which resulted in the appointment of a permanent receiver. The property was then in the hands of the court, and could not be interfered with except on an application to the court. It is no answer to say that the receiver is probably hostile to the plaintiff, because on application the court may direct the receiver as to time, place, manner, terms, and conditions of sale. If the conduct of the receiver is oppressive or unfair to plaintiff, such conduct may be brought to the attention of the court. He is an agent of the court, and must do its bidding, and the court may fully protect whatever rights the plaintiff has. I think the case of Walling v. Miller, 108 N. Y. 173, 15 N. E. 65, 2 Am. St. Rep. 400, is applicable here. There, as here, a receiver was appointed after the lien had been acquired by levy under the execution. The court said:

"The lien of the execution was not destroyed by the appointment of a receiver, but the rights and interests of all parties in the property were thereafter to be adjusted by the court which appointed the receiver, and the property could not be taken out of the possession of the receiver and sold upon the execution without leave of the court. The execution creditor could bring his lien to the attention of the court in the action in which the receiver was appointed, and ask to have the execution satisfied out of the proceeds of the property. But persons having liens upon the property had no right to interfere with its possession by the receiver, and, without any application or adjudication of the court, sell and dispose of it, and thus dissipate it, and deprive the court of jurisdiction to administer it. Noe v. Gibson, 7 Paige, 513; Bank v. Schermerhorn, 10 Paige, 263; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322."

And at page 178, 108 N. Y., and page 67, 15 N. E., 2 Am. St. Rep. 400, it was further said:

"Therefore, before a legal sale could be made of these buildings upon the execution, application should have been made to the court. which appointed the receiver for leave to make the sale. An application might also have been made to the court for payment of the execution out of the proceeds of the sale. But the sale under the execution without leave of the court. while

the property was thus in the custody of the court, was wholly illegal and void."

Plaintiff contends that the order of June 1, 1901, gave her the right to proceed with this sale as against the subsequent judgment appointing the permanent receiver. Such is not the effect of that order. That order modified the previous order appointing a temporary receiver in the insolvency proceeding, and gave plaintiff the right to proceed as if the last-mentioned order had not been made. But when the permanent receiver was appointed in the plaintiff's sequestration action a new condition was created, and the judgment in that action entirely superseded the previous order of June 1, 1901.

It is urged that the receiver is not a party to this motion, and that the defendant, having been devested of the title to the property, has no standing in court to make this motion. While it. is true that the legal title is in the receiver, nevertheless the defendant is interested in having the property disposed of in an orderly and regular manner, to the end that as much as possible may be realized from the sale thereof, and that its debts may be paid from such proceeds. Such an interest, I think, gives the defendant a right to make the motion. The execution, however, cannot be vacated. Plaintiff is entitled to retain whatever benefits she may derive from the execution in the sheriff's hands up to the time of the entry of the order appointing the permanent receiver. But an order may be entered staying further proceedings under the execution. No motion costs are awarded.

Ordered accordingly.