THE ALBANY CITY BANK *vs.* SCHERMERHORN and others.

THE BANK OF MONROE *vs.* THE SAME.

Where the defendant in a creditor's bill had let his land to be cropped on shares, and the receiver appointed in such suit went upon the land and gave notice to the tenants of his appointment, and requested them to deliver the defendant's share of the growing crops to him; and the sheriff afterwards, but without notice of the appointment of such receiver, made a more formal levy upon the growing crops, by virtue of executions against the defendants, issued upon judgments at law; and, upon being informed of the claim of the receiver, consented that he should take possession of the crops and dispose of the defendant's interest therein, and hold the proceeds subject to the order of the court in which the creditor's bill was filed; *Held*, that the sheriff was not guilty of a contempt in disturbing the possession of the receiver, as such possession had not in fact been disturbed.

*Held further*, that if the plaintiffs in the executions had acquired a prior lien upon the crops, by the issuing of their executions, their remedy, after the

possession of the crops was surrendered to the receiver, was by an application to the court where the receiver was appointed, to have the proceeds of the crops applied upon their executions.

THIS was an appeal by the sheriffs of the counties of Orleans and Monroe, from a decretal order of the vice chancellor of the eighth circuit, convicting them of a contempt, for levying upon property of the defendant Schermerhorn, which he had been ordered to assign and deliver to the receiver appointed in these causes.

*S. Jewett & S. Stevens,* for the appellants.

*A. Taber,* for the respondent.

THE CHANCELLOR. The question whether the sheriffs were in contempt depends upon the fact of the disturbance by them of the possession of the receiver. And I think the relators failed in establishing that fact. The property consisted of growing crops, on lands of Schermerhorn which his tenants had taken to crop on shares. After the appointment of the receiver he gave notice to the tenants of his appointment, and requested them to deliver Schermerhorn's share of the crops to him. The sheriffs levied upon the crops and advertised them for sale, at which time one of the appellants swears he had not even heard of the appointment of a receiver. Immediately after the levy, the appellants consented that the receiver should take possession of Schermerhorn's interest in the crops, and dispose of such interest, and hold the proceeds subject to the order of the court of chancery. This was placing the property in the same situation in which it would have been placed if the receiver had taken the property into his actual possession, in the first instance, and had continued in such posses-ion. And if the plaintiffs in the executions had acquired a legal lien, by the delivery of their executions to the sheriffs before the appointment of the receiver, and by an attempt to levy, so as to overreach the lien of the complainants in the creditor's bills, they could not get the property out of the re-

ceiver's hands except by an application to the vice chancellor for an order upon the receiver to deliver over the proceeds to them, to be applied on their executions. An application for an attachment, therefore, should not have been made when the possession of the receiver, if he had in fact taken possession, had not been actually disturbed. And if these facts had appeared when the case was formerly before me, upon appeal, I should have directed the sheriffs to be dismissed from the attachments against them, without further useless expense. As the crops were growing upon the lands, the receiver had probably the constructive possession of them from the time when he went upon the farms and claimed the right to the crops, from those who were in possession of the lands on which such crops were growing. But if so, a mere formal levy by the sheriff, without actually interfering with the possession of the receiver, would hardly be considered such a disturbance of the possession as to subject the sheriffs to punishment for a contempt. In *Noe* v. *Gibson,* (7 *Paige,* 513,) the contempt, for which the attachment was directed to issue, was not for the formal levy upon the vessel under the distress warrant, as that did not dispossess the receiver. But the party proceeded against had taken the vessel out of the actual possession of the agent of the receiver, after it had been removed by him to New-York.

The order appealed from is erroneous and must be reversed, and the appellants are to be dismissed from the attachment. But as both parties are in fault in not presenting the fact to the court, in the first instance, that the receiver was in the actual possession of the property when the attachment was first applied for, I shall not charge the receiver with costs. For it is evident that this proceeding has been mistakenly resorted to for the purpose of settling a question which could not be settled in this way, and which in the end must probably be settled in favor of the claim of the complainants in this suit.