FRENCH *v*. PRATT.

*(Supreme Court, General Term, Fifth Department.* October 19, 1889.)

EXECUTION SALE—PROPERTY IN RECEIVER'S HANDS.

A sale by a sheriff, under execution, of property in the hands of a receiver, without leave of court, is void, and passes no title.

Appeal from judgment on report of referee.

Action by Abbie E. French against Charles H. Pratt. Judgment was entered for plaintiff, and defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Giles E. Stillwell,* for appellant. *Day & Romer,* for respondent.

BARKER, P. J. This cause came before this court for review upon an appeal from a judgment entered upon the report of a referee. The action was brought to recover damages for removing certain machinery and articles from premises, bid off by the plaintiff at a sheriff's sale of real estate under several executions issued out of the Erie county court upon judgments recovered in justice's court upon confession against one Henry A. Pratt, the father of the defendant. The articles removed by the defendant consisted of certain machinery for making cider. The plaintiff's title, if any, to the property in question, was obtained by virtue of a sheriff's deed purporting to convey the real estate upon which the machinery was located, pursuant to the sale made under the execution. The plaintiff claims ownership upon the theory that the press and machinery in question were fixtures, a part of the realty, and passed to the purchaser as an incident of it. The defendant, on the other hand, claimed title to the property in question under and by virtue of a bill of sale of the property from Henry A. Pratt to one C. P. Pratt, which was assigned to the defendant, and also by virtue of a release of the property in question from one Alger, who had been appointed a receiver of the property in question, and taken possession of it prior to the sale under the executions, in an action brought by the wife of Henry A. Pratt against him, in which transfers by both Henry A. Pratt and the receiver the property in question was treated as personal property, and not as real estate. The referee reported in, favor of the plaintiff, necessarily disposing of the case upon the theory that the machinery in question was fixtures and a part of the freehold, at the same time holding that the transfer or sale by Henry A. Pratt to Charles P. Pratt was fraudulent and void as against existing creditors of Henry A. Pratt.

It appears from the facts found by the referee that on the 18th day of March, 1883, in an action for separation brought by the wife of H. A. Pratt against him, one Alger was appointed receiver of the property of Henry A. Pratt, and took possession of this property, and on the 18th day of March, 1883, the defendant, who was the son of H. A. Pratt, paid his mother the sum of $500 and upwards, and in consideration thereof was given by her and said receiver a written release of all their right, title, and interest in the same. The judgments against Henry A. Pratt were all recovered in 1882, and by filing transcripts became liens on the land December 14, 1882, and executions thereon were issued to the sheriff February 20, 1883, and this, among other property, was sold by him to the plaintiff on April 6, 1883, after the receiver had taken. possession. Under such circumstances the defendant claims title, and that. the sale of the property by the sheriff, while the property was in the possession of a receiver, without leave of the court, is illegal and void, and cites in: support of his position the recent case of *Walling* v. *Miller,* 108 N. Y. 173, 15 N. E. Rep. 65. It is said in that case that on the day the receiver took possession "of the property, and thereafter, it was in theory of law in the possession and custody of the court, and the sheriff had no right to interfere with it by virtue of his lien under the execution in his hands. The lien of the ex--

ecution was not destroyed by the appointment of the receiver, but the rights and interests of all parties in the property were thereafter to be adjusted by the court which appointed the receiver, and the property could not be taken out of the possession of the receiver, and sold upon the execution without leave of the court. The execution creditor could bring his lien to the attention of the court in the action in which the receiver was appointed, and ask to have the execution satisfied out of the proceeds of the property. But persons having liens upon the property had no right to interfere with its possession by the receiver, and, without any application or adjudication of the court, sell and dispose of it, and thus dissipate it, and deprive the court of jurisdiction to administer it. * * * Therefore, before a legal sale could be made of these buildings upon the execution, application should have been made to the court which appointed the receiver for leave to make the sale. An application might also have been made to the court for payment of the execution out of the proceeds of the sale. But the sale under the execution without leave of the court, while the property was thus in the custody of the court, was wholly illegal and void. Therefore, as the plaintiff's title rests wholly upon the execution sale, it fails, and for that reason he should have been nonsuited at the trial." The court of appeals cites in support of the doctrine declared by it the cases of *Noe* v. *Gibson*, 7 Paige, 513; *Bank* v. *Schermerhorn*, 10 Paige, 263; *Wiswall* v. *Sampson*, 14 How. 52,—all of which sustain the rule. In view, therefore, of these decisions and the facts found by the referee, the referee should have dismissed the plaintiff's case for the reason that she had established no title to the property taken by the defendant. This view of the case renders it unnecessary to discuss the other exceptions in the case. The judgments appealed from should be reversed, and a new trial ordered, with costs to abide the event. All concur.