(13 Misc. Rep. 489.)

### DICKEY v. BATES et al.

(Supreme Court, Special Term, Rockland County. July, 1895.)

1. RECEIVERS—TITLE—WHEN VESTS.
    An order appointing a receiver of a corporation gives him the title and right of possession of the property; and therefore the levy of an attachment after the appointment of a receiver of a corporation, but before he had taken possession, on property transferred to the corporation by the attachment defendant for the purpose of defrauding creditors, does not give the sheriff a special property in the goods attached.
2. SHERIFFS—RIGHT TO PROPERTY—RELEASE OF LEVY.
    A sheriff who released a levy of attachment at the instance of the attaching creditor cannot recover for conversion of the attached property from a person who afterwards obtains possession of it.

Action by George Dickey, as sheriff, against Andrew J. Bates and others for conversion of chattels. Judgment for defendants.

A. S. Tompkins, for plaintiff.
Michael Hays, for defendants.

GAYNOR, J. The plaintiff, the sheriff of Rockland county, brings this action to recover damages of the defendants, for their alleged taking from him, and converting to their own use, certain chattels in which he claims to have had a special property by virtue of his levy thereon, under two warrants of attachment, followed by two executions upon the final judgments in the same actions. I do not see how he may prevail. He received two warrants of attachment against the property of the A. H. Jackman Manufacturing Company in two actions against the said company,—one on August 15, and the other on August 18, 1893. He did nothing in the way of making a levy until August 17th. The chattels he claims to have levied upon on that day he found upon the premises, and in the actual possession of another corporation; namely, the Jackman Shoe Manufacturing Company. He made a list of them and then went away, leaving them where they were. He put them in no one's custody. The possession he found and left them in was adverse to the attachment defendant as well as to the plaintiff's interference. The chattels had been the property of that company, but in July it had formally sold and delivered them to the other company, and gone out of business. The plaintiff contends, and I find, that such sale was fraudulent and void as against creditors; and therefore the property transferred was subject to attachment against the said transferring company. Hess v. Hess, 117 N. Y. 306, 22 N. E. 956. But this case extends further- . As has been seen, the alleged levy was made on

August 17th. But on August 16th, in a proceeding for the voluntary dissolution of the said Jackman Shoe Manufacturing Company, to which the said property had been so sold and delivered, the supreme court had made an order appointing a receiver of the assets of the said company. The receiver did not take possession until next day, and whether before or after the said alleged levy on that day does not quite appear, though I have assumed before. But that does not matter, for he was vested with the dissolving company's interest in the property by the mere making of the order the day before, and his title and right of possession were superior to the right of subsequent attaching creditors. Hence, if what the plaintiff did in reference to the property on the 17th were enough to constitute a levy under a warrant of attachment, which I doubt (Code Civ. Proc. § 649), and such levy was made prior to the receiver's taking possession, it was, nevertheless, of no effect against the receiver. His title and right of possession under the order could not be lawfully interfered with, except by leave of the court which had appointed him; and this even though the dissolving company had no title to the property as against the creditors of the said transferring company. It had acquired at least a qualified title by the transfer, namely, title subject to the rights of such creditors; and this passed to the receiver. High, Rec. § 136; In re Jensen Co., 128 N. Y. 550, ·28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623. It follows that the plaintiff never acquired any right of possession or title in the chattels as against the receiver, and that these defendants in purchasing them of the receiver, and receiving possession of them, did not unlawfully take them from the plaintiff, as the plaintiff alleges for his cause of action, but took them under full title thereto.

There is another reason fatal to the plaintiff. Judgments were afterwards entered in the two actions, and executions issued thereon. Thereafter the receiver obtained authority of the supreme court to sell the property at public auction. The plaintiff threatened that he would not allow the property to be sold, whereupon the attorneys for the receiver obtained and served upon him an order to show cause why he should not be punished for contempt of court, and meanwhile restraining him from interfering with the receiver's possession, or the sale. Before the return day of such order the receiver sold the property according to the pending advertisement. The plaintiff was present, and gave public notice that he had a lien upon the property by virtue of the said attachments and executions, and objected to the sale. The defendants herein became the purchasers. Then the plaintiff put a keeper over the property, and announced that he would not allow it to be removed. The attorneys for the receiver then notified the attachment creditors and their attorneys that, unless the interference of the sheriff ceased, they would also move to punish them for contempt of court as his abettors. A reciprocal arrangement was thereupon made between the attorneys for the receiver and the attorneys for the attachment creditors, by which the contempt proceedings pending and contemplated were abandoned, and the sheriff, upon the direction of the attachment creditors, withdrew his keeper. The receiver then delivered the property to the

defendants without interference and they paid for it. Afterwards the plaintiff returned the executions nulla bona. If he had a levy, he released it by direction of the attachment creditors, and allowed the property to be taken away by the defendants. Its taking was therefore not a trespass. The attachment creditors in these circumstances can have no action against the sheriff, nor can he have any against the defendants. Marsh v. White, 3 Barb. 518.

I think there is another reason against the plaintiff's recovering. If he got any lien by listing the property, and retained it notwithstanding his leaving the property in the adverse custody in which he found it, the receiver, nevertheless, found the property not in his possession, but in that of the dissolving corporation, and took and kept actual possession of it as the court's officer, and sold it by the court's authority. The said corporation had the legal title to it, subject only to the lien of the attachments (Scott v. Morgan, 94 N. Y. 508); and that same title the receiver took, along with the actual possession. The only course, therefore, open to the plaintiff after the receiver's sale, was to apply to the supreme court for a direction to its receiver to satisfy such a lien out of the proceeds of sale. Bank v. Schermerhorn, 10 Paige, 263. It cannot be that the purchasers at the receiver's sale may be treated as trespassers for buying the property; for, in so far as such purchasers and all creditors and claimants of the dissolving corporation were concerned, the dissolution proceedings, and the sale of the property therein, were, by force of the statute under which they were had, in rem, and all controversies in respect of interests and priorities passed to the fund. Judgment for the defendants.

Ordered accordingly.