(16 App. Div. 149.)

MUTUAL BREWING CO. v. NEW YORK & C. P. FERRY CO.

(Supreme Court, Appellate Division, Second Department.   April 26, 1897.)

1. TEMPORARY RECEIVERS—TITLE TO PROPERTY.
   The appointment of a temporary receiver pending dissolution proceedings does not devest the corporation of the title to its property, and therefore does not affect its right to sue for injuries to its property.
2. PARTIES—SUBSTITUTION—DEVOLUTION OF INTEREST.
   A purchaser at a receiver's sale may be substituted as plaintiff in an action brought by the corporation for injuries to its property before its title thereto was devested by an order making a temporary receivership permanent.

Appeal from special term, Westchester county.

Action by the Mutual Brewing Company against the New York & College Point Ferry Company to recover damages for the loss of property alleged to have been occasioned by defendant's negligence. From an order amending the summons by substituting the Karsch Brewing Company as plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. J. Foster, for appellant.
C. J. G. Hall, for respondent.

BRADLEY, J.   The purpose of the action is to recover damages which it is alleged the plaintiff sustained for the loss of merchandise occasioned by the negligence of the defendant.   The leading objection made by the defendant to the allowance of the amendment of the summons is that, when the action was commenced, no right of action was in the plaintiff for such relief, and that it then had no legal capacity to sue.   This objection is founded upon the fact that in June, 1893, one Edward Duffy was appointed receiver of the property of the plaintiff in an action brought by Paul Halpin against it, and that afterwards, in December, 1895, he was also appointed receiver of that company in an action brought by the people of the state against the plaintiff company to dissolve it. The order appointing him contained the usual injunction provisions restraining the company from interfering with its property.   If, as argued by the defendant's counsel, the plaintiff company was divested of title to its property by such appointment and the qualification of the receiver, it had no right of action, and consequently the Karsch Brewing Company could not be treated as the successor in interest of the plaintiff, and without such relation could not properly be substituted as plaintiff.   New York State Milk-Pan Ass'n v. Remington Agricultural Works, 89 N. Y. 22.   But these appointments of the receiver were provisional.   He became a receiver pendente lite.   As such he had the custody of the property of the company for its preservation, and was clothed with the incidental powers given by the court.   The title of the company was not divested to the property undisposed of by the receiver under the direction of the court until he was made permanent receiver

in May, 1896, pursuant to the final judgment in the action dissolving the corporation. Code Civ. Proc. § 1788; Herring v. Railroad Co., 105 N. Y. 340, 12 N. E. 763; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814. In the meantime, and in March, 1896, this action was commenced. The question of disability of the corporation after the appointment of the temporary receiver, of which advantage may have been taken by the direction of the court having the custody of the property, is not available to the defendant, since the legal title to the alleged cause of action still remained in the plaintiff. On the dissolution of the corporation, the appointment of the receiver was made permanent, and he became vested with title to its property and assets. He thereupon sold and transferred to the Karsch Brewing Company the subject or cause of this action, and for which it was brought. The latter company, thus becoming the successor in interest thereto of the original party plaintiff, was properly substituted as plaintiff in the place of that party. The cases of In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665, In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623, and Dickey v. Bates, 13 Misc. Rep. 489, 35 N. Y. Supp. 525, had relation to receivers appointed in proceedings for voluntary dissolution of corporations, and therefore do not necessarily have any application to the question here.

The order should be affirmed. All concur.